10-2284-cv
Stepien v. Schaubert, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand eleven.

PRESENT: ROGER J. MINER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

SCOTT A. STEPIEN,
*Plaintiff-Appellant*,

v.                                                              No. 10-2284-cv

DAVID S. SCHAUBERT, F. WARREN KAHN,
LOUIS M. PALMERI, ROBERT LAUB,
JAMES MEZHIR, KARL W. KRISTOFF,
HODGSON RUSS LLP,
*Defendants-Cross-Claimants-*
*Cross-Defendants-Appellees*.

_____

| | |
|---|---|
| FOR APPELLANT: | Scott A. Stepien, *pro se*, Lewiston, NY. |
| FOR APPELLEES SCHAUBER, PALMERI, LAUB, AND MEZHER: | Michael J. Keane, Colucci & Gallaher, P.C., Buffalo, NY. |
| FOR APPELLEE KAHN: | Brian Sutter, Sugarman Law Firm LLP, Buffalo, NY. |

FOR APPELLEES KRISTOFF        Michael A. Brady, Hagerty & Brady,
AND HODGSON RUSS LLP:     Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Scott A. Stepien, an attorney proceeding pro se, appeals from a May 12, 2010 judgment of the district court granting summary judgment in favor of the defendants-appellees and dismissing Stepien's First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and his state-law defamation claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

During the first year of his term as a member of the Lewiston-Porter School Board (the "Board"), Stepien disagreed with a majority of the Board over a number of votes. He claims that these disagreements created "two Board factions," and that he and fellow Board member Edward Lilly found themselves in the minority faction. Stepien alleges that the majority conspired illegally to remove him and Lilly from office by bringing charges of official misconduct against them. Specifically, the Board charged them with failing to comply with New York Education Law § 2102-a, which requires every school board member to complete a fiscal training course within the first year of his or her term.

The Board held a hearing on these charges, concluded that Stepien and Lilly had failed to complete the required training, and voted to remove both men from office. They

2

appealed to the New York State Commissioner of Education, who ordered them reinstated. The Commissioner concluded that the charges were premature because the first year of their terms had not yet ended at the time that the charges were brought against them.

Stepien filed suit in the Western District of New York against various members of, and attorneys for, the Board, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, and New York defamation law. The defendants moved for summary judgment. In his report and recommendation, the magistrate judge recommended that the district court grant the defendants' motions because, among other reasons, the Board member defendants were protected by absolute legislative immunity, the attorney defendants were not state actors, and the intracorporate conspiracy doctrine, see Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2d Cir. 2008), defeated Stepien's § 1985 and § 1986 claims. The district court (Arcara, *J.*) issued an order adopting the magistrate judge's report and recommendation in full, granted summary judgment in favor of the defendants, and dismissed the case.

We review a grant of summary judgment de novo, "drawing all reasonable factual inferences in favor of the [nonmoving] party." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011). "Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001). Here, the facts relevant to our disposition of the case are not in dispute. Having conducted an independent and de novo review of the record, we conclude that summary judgment was properly granted.

The magistrate judge concluded that the Board member defendants were entitled to absolute legislative immunity from Stepien's § 1983 claims. Our precedents do not make clear whether, under New York law, school board members can act in a legislative capacity. However, we need not resolve that question. Even assuming arguendo that the Board member defendants here did not act in a legislative capacity in bringing misconduct charges against Stepien and voting to remove him from office, they are entitled at the very least to qualified immunity from Stepien's § 1983 claims, since they acted at all relevant times in their official capacities and in a manner that was not objectively unreasonable. See Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211-12 (2d Cir. 2003). Although the Commissioner ultimately concluded that the charges brought against Stepien were premature, neither (1) the Board's decision that Stepien's failure to obtain training required by state law, despite numerous notices of the requirement and of the way to obtain the training, constituted "official misconduct" warranting removal, see N.Y. Educ. Law §§ 1709(18), 2102-a (McKinney's 2011), nor (2) its conclusion that it was appropriate to bring the charge when only a few days remained in Stepien's term, given that no training sessions were scheduled during those days, was objectively unreasonable.

The attorney defendants Kahn, Kristoff, and Hodgson Russ LLP are entitled at the very least to qualified immunity because there is no evidence in the record to indicate that they performed their professional duties in other than an objectively reasonable manner in providing advice to the Board. This is true even assuming arguendo that they are state actors. Cf. Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney

4

acting in his professional capacity while representing his client does not constitute action under state law for purposes of § 1983." (internal quotation marks omitted)).

The Board member defendants and the attorney defendants are likewise immune from Stepien's state-law defamation claims. See Lombardo v. Stoke, 18 N.Y.2d 394, 400 (1966); Allan & Allan Arts Ltd. v. Rosenblum, 615 N.Y.S.2d 410, 412 (2d Dep't 1994). Finally, we affirm the district court's dismissal of Stepien's § 1985 and § 1986 claims for substantially the same reasons stated by the magistrate judge in his report and recommendation.

## CONCLUSION

We have considered Stepien's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court